IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARRY GAINES,<br>Dallas Cnty. Jail Bookin No. 19045055, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:20-cv-1166-S-BN |
| SHERIFF MARIAN BROWN, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Petitioner Barry Gaines is detained pretrial at the Dallas County jail, indicted in state court for his third DWI. *See State v. Gaines*, No. F19-55295 (Crim. Dist. Ct. No. 5, Dallas Cnty., Tex.). He was booked into the jail on September 13, 2019 and is represented by court-appointed counsel in his pending felony prosecution.

Gaines sent correspondence to this Court dated May 3, 2020, requesting that this Court release him from custody and dismiss the indictment against him. *See* Dkt. No. 3. The Clerk correctly construed this filing as requesting habeas relief under 28 U.S.C. § 2241. And this habeas action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from the presiding United States district judge.

Section 2241 remains "'available for challenges by a state prisoner who is not in custody pursuant to a state court judgment.' For example, prisoners 'in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction' are able

to take advantage of § 2241 relief." *In re Wright*, 826 F.3d 774, 782 (4th Cir. 2016) (quoting *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004)).

And "[a] state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 if two requirements are satisfied." *Ray v. Quarterman*, No. 3:06-cv-850-L, 2006 WL 2842122, at *1 (N.D. Tex. July 24, 2006), *rec. adopted*, 2006 WL 2844129 (N.D. Tex. Sept. 29, 2006).

Gaines's continued incarceration in Dallas County satisfies the initial "in custody" requirement. *See id.*

But he must also exhaust his "available state remedies." *Id.* at *1 & n.1 (explaining that, "[d]espite the absence of an exhaustion requirement in the statutory language of § 2241, the courts have developed an exhaustion doctrine, holding that federal courts should abstain from the exercise of jurisdiction until the issues are resolved in state court"; citing *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Braden v. 30th Judicial Circuit Ct of Ky.*, 410 U.S. 484, 489-92 (1973)); *see also Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973) ("With respect to collateral attack on convictions in state court, the requirement was codified in 28 U.S.C. § 2254(b), but the requirement applies to all habeas corpus actions.").

> State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by a currently available and adequate procedure. *Braden*, 410 U.S. at 489. This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A Texas pretrial detainee must present his claim to the Texas Court of Criminal Appeals. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).
>
>     A petitioner may be excused from the exhaustion requirement

> only if he can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795. Absent exceptional circumstances, a pre-trial detainee may not adjudicate the merits of his claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489.

*Ray*, 2006 WL 2842122, at *1; *see also Braden*, 410 U.S. at 493 ("Derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed.).

Another judge of this Court dismissed a prior Section 2241 petition filed by Gaines without prejudice for his failure to exhaust state remedies. *See Gaines v. Brown*, No. 3:19-cv-3051-N-BK (N.D. Tex. May 4, 2020). In his current construed habeas petition, Gaines insists that his failure to exhaust should be excused. *See, e.g.,* Dkt. No. 3 at 3 ("I assert that I have no other remedies in my present situation and see no immediate conclusion to this travesty of justice."). And he cites the ongoing COVID-19 pandemic and appears to assert that his medical conditions render him particularly vulnerable to serious complications from the virus. *See id.* at 2-3.

As multiple federal courts have recognized, "the COVID-19 pandemic presents an extraordinary and unique public-health risk to society, as evidenced by the unprecedented protective measures that local, state, and national governmental authorities have implemented to stem the spread of the virus." *E.g., Sacal-Micha v. Longoria*, ___ F. Supp. 3d ___, No. 1:20-CV-37, 2020 WL 1518861, at *6 (S.D. Tex. Mar. 27, 2020). But the pandemic alone considering the facts that Gaines alleges in his construed petition does not "show 'exceptional circumstances of peculiar urgency'" that excuse "the exhaustion requirement" in the context of this case. *Ray*, 2006 WL 2842122, at *1 (quoting *Deters*, 985 F.2d at 795); *cf. Evil v. Whitmer*, No. 1:20-cv-343,

2020 WL 1933685, at *1, *3-*4 (W.D. Mich. Apr. 22, 2020) (concluding that a jail detainee who alleged he was "medically fragile – and particularly susceptible to respiratory infection" – seeking relief based on "the risks of infection with the COVID-19 virus in the jail environment" could not pursue "relief under § 2241 … until after [he] pursued his state court remedies").

Despite his contention otherwise, Gaines may still pursue remedies related to pretrial release based on COVID-19 in state court – for example, to the extent that he is being detained without bond, he could, through his court-appointed counsel, file a direct appeal. *Cf. Williams v. Texas*, Civ. A. No. H-20-1352, 2020 WL 2061520, at *2 & n.3 ("Public records reflect that Williams, who has a lengthy record of criminal offenses, is represented by counsel in his state court proceeding, which remains ongoing. Counsel has filed a motion requesting that Williams be released on bond due to concerns about COVID-19, but the trial court has not yet ruled on that request. Williams has not otherwise exhausted available state court remedies for purposes of seeking habeas review under 28 U.S.C. § 2241." (footnote omitted; further explaining options available to "[a] Texas pretrial detainee who has been denied bond may file a direct appeal with the Texas Court of Criminal Appeals. *See* TEX. CONST. art. 1 § 11a(a). Likewise, a Texas pretrial detainee who complains about the amount of his bond may file an application for writ of habeas corpus to raise pre-conviction issues with the judge of the court in which he has been indicted. *See* TEX. CODE CRIM. PROC. § 11.08. If the trial court denies habeas relief, the applicant's remedy is to take a direct appeal to an intermediate appellate court and then petition for discretionary

review by the Texas Court of Criminal Appeals." (citations omitted)). Gaines has therefore failed to make the second showing – that state remedies are exhausted.

## Recommendation

The Court should dismiss the pending habeas action, construed as brought under 28 U.S.C. § 2241, without prejudice to Petitioner Barry Gaines's right to pursue available state court remedies.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 13, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE